INSURANCE COMMISSIONER — STATUS OF EXAMINERS Examiners appointed by the Insurance Commissioner under authority of 36 O.S. 305A [36-305A] (1971), whose salaries are fixed by the Insurance Commissioner pursuant to said statute, occupy the status of state employees, as distinguished from that of independent contractors. The Attorney General is in receipt of your opinion request wherein you ask whether examiners appointed by the Insurance Commissioner, under authority of 36 O.S. 305A [36-305A] (1971), whose salaries are fixed by the Insurance Commissioner pursuant to said statute, occupy the status of state employees or independent contractors. Title 36 O.S. 305A [36-305A] (1971), provides in pertinent part as follows: "The Insurance Commissioner may appoint such deputies, assistants, examiners, actuaries, attorneys, clerks and employees, at salaries to be fixed by the Insurance Commissioner, as may be necessary properly to discharge the duties imposed upon the Insurance Commissioner under this code. The Insurance Commissioner shall appoint all examiners for his office. . ." Clearly, the Insurance Commissioner has the authority under the above statute to appoint examiners, as well as set the salaries to be paid them. The Thirty-fifth Oklahoma Legislature, acting in the Second Regular Session, has however, by line item appropriation under a general appropriation statute, 3 Okl. Sess. Laws (1976), pgs. 278, 279, specifically provided for the number of examiners to be appointed by the Commissioner pursuant to 36 O.S. 305A [36-305A]. The Legislature provided for two examiner positions, that of Chief Examiner and that of Agents Examiner. The Legislature furthermore established the parameters within which the Commissioner may set the salaries for the individuals occupying the examiner positions. It is noted that, in so doing, the Legislature referred to the examiner positions as being "employee" positions. The distinguishing factors to be considered in arriving at a determination as to whether an individual occupies the status of employee or that of independent contractor are plainly set out in a recent Utah case, Harry L. Young and Sons, Inc. v. Ashton, Utah, 538 P.2d 139 (1975). The Utah court stated in its opinion: "Speaking in generality: An employee is one who is hired and paid a salary, a wage, or at a fixed rate, to perform the employer's work as directed by the employer and who is subject to a comparatively high degree of control in performing those duties. In contrast, an independent contractor is one who is engaged to do some particular project or piece of work, usually for a set total sum, who may do the job in his own way, subject to only minimal restrictions or controls and is responsible only for its satisfactory completion. "The main facts to be considered as bearing on the relationship here are: (1) whatever covenants or agreements exist concerning the right of direction and control over the employee, whether express or implied; (2) the right to hire and fire; (3) the method of payment, i.e., whether in wages or fees, as compared to payment for a complete job or project; and (4) the furnishing of the equipment." It appears that in the instant case, the Insurance Commissioner has full power to fill the subject positions, to terminate individuals occupying those positions, and to control the manner in which individuals occupying the positions perform their duties. The duties and responsibilities attendant to the positions of Chief Examiner and Agents Examiner, being under the direct supervision of the Insurance Commissioner, are subject to the methods and means invoked by the Commissioner for their performance. Individuals occupying the positions of Chief Examiner and Agents Examiner are compensated for their service by direct legislative appropriation. It is, therefore, the opinion of the Attorney General that examiners appointed by the Insurance Commissioner under authority of 36 O.S. 305A [36-305A] (1971), whose salaries are fixed by the Insurance Commissioner pursuant to said statute, occupy the status of state employees, as distinguished from that of independent contractors. (WM. DON KISER) (ksg)